**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.,** | |
| *Plaintiff,* | |
| v. | Case No. 2:26-cv-00102 |
| **TCL TECHNOLOGY GROUP CORP., TCL INDUSTRIES HOLDINGS CO., LTD.; TCL ELECTRONICS HOLDINGS, LTD.; and SHENZHEN TCL NEW TECHNOLOGY CO., LTD.,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

**[PROPOSED] DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.    **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)      any settlement agreements relevant to the subject matter of this action; and

(g)      any statement of any party to the litigation.

2.      **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)      if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)      for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.      **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials

- 3 -

bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

   a. **Interrogatories:** The parties may serve up to twenty-five (25) interrogatories on each other. Subject to the Protective Order, either party may rely upon any interrogatory served by either party and any response thereto in accordance with applicable orders of this Court, the Local Rules, and the Federal Rules of Evidence and Civil Procedure.

   b. **Requests for Admission:** The parties may serve up to thirty (30) requests for admission on each other. Subject to the Protective Order, either party may rely upon a request for admission served by either party and any response thereto in accordance with applicable orders of this Court, the Local Rules, and the Federal Rules of Evidence and Civil Procedure.

   c. **Requests for admission regarding the authenticity of documents:** The parties are allowed an unlimited number of requests for admission regarding authenticity of documents, so long as neither party unreasonably abuses this provision. However, prior to serving any request for admission regarding the authenticity of documents, the parties agree to request that the opposing party stipulate to the authenticity of such documents. If the opposing party fails to stipulate to the authenticity of all such documents within two weeks of such request for stipulation, the requesting party may

serve on the opposing party requests for admission on all documents whose authenticity has not been stipulated.

d.  **Third party subpoenas:** The parties may serve subpoenas for third parties to produce documents or testify by deposition. The parties will serve each other with copies of any third-party subpoenas on or before the same day the subpoena or notice is served on the third party. The parties will serve each other with copies of any documents produced by third parties pursuant to subpoena within five (5) business days of receipt. The parties will coordinate on mutually agreeable dates for third-party depositions.

e.  **Depositions:** The parties agree to the following limits on depositions in this case:

    i.  The parties may each take up to a total of seventy (70) hours of fact deposition testimony, including both 30(b)(1) and 30(b)(6) depositions.

    ii.  Each non-expert 30(b)(1) deposition taken by either side shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure. The parties shall meet and confer in good faith regarding deposition limits for witnesses designated to provide testimony under Rule 30(b)(6). No witness (expert or non-expert) shall be subject to more than seven (7) hours of examination in a single day without agreement of the parties and the witness.

    iii.  Depositions of experts do not count against the limits in sections 5(e)(i) and 5(e)(ii).  With the exception of affiliates of a party and their employees, depositions of third parties do not count against the limits in Sections 5(e)(i) and 5(e) (ii).

iv.   Depositions of experts shall be limited to one day of seven (7) hours per substantive topic for which the expert witness offers an opinion, submits an expert report, or makes other disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26. For clarity, this means that an expert witness who offers opinions as to more than one of (non)infringement, (in)validity, and damages shall be subject to one day of seven hours per topic.

v.   The parties reserve the right to revisit the issue of the number and length of depositions as discovery progresses. The limitations set forth in the Federal Rules of Civil Procedure and the local rules of this Court with respect to the per-day length of depositions will apply. The parties agree to meet and confer in good faith to attempt to resolve any issues without intervention by the Court.

vi.   The parties should keep in mind the need to avoid subjecting any person to repeated depositions. As a general rule, no witness should be deposed on the same subject more than once in this litigation.

vii.   The parties shall endeavor not to set forth Rule 30(b)(6) topics pertaining to related subject matter in separate Rule 30(b)(6) notices and shall work to avoid unnecessarily seeking testimony on related subjects (as to which a single representative may be expected to testify) in separate Rule 30(b)(6) deposition notices. The parties further agree to provide reasonable notice to each other in advance of a Rule 30(b)(6) deposition of both the deponent(s) and the topic that the deponent(s) will address.

- 6 -

6.   **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7.   **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.      **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.      **Discovery Disputes.**

(a)     Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)     An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)     Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)     Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)     Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.     **Proposed Stipulations by the Parties Regarding Discovery.**

    a.  **Depositions:**

i. The language of record for all depositions shall be English. Counsel representing a deponent shall disclose at least ten (10) days prior to a noticed date of deposition if the native language of a deponent is a language other than English, and the deponent will be testifying in their native language. All questions, objections, and colloquy will be interpreted into the deponent's native language, and the answers may be given in that native language and, in such case, will be interpreted into English. The noticing Party's interpreter shall be the official interpreter of record for the deposition, but the Parties and any non-Party deponent shall each be permitted to have their own "check" interpreter present, at their own cost. If a "check" interpreter objects to or disagrees with any portion of the official interpretation, the objection or disagreement shall be stated for the record, and the check interpreter will provide the corrected or "checked" translation. The parties agree that for depositions using an interpreter, the time allotment available under this order is increased by two hours to account for the translation time (e.g., the 7 hour time limit for a non-expert 30(b)(1) witness will be increased to 9 hours for depositions with an interpreter), and such depositions may take place over two days if they exceed 7 hours.  The previous sentence shall not alter the time limit(s) already agreed on and set for any deposition that has been scheduled or completed prior to the date of this Order.

  **ii.** The parties agree that the party taking a deposition may appear remotely using a secure, web-based platform. If the noticing party chooses to conduct the deposition in person, then the defending party is responsible for arranging the location of the deposition in a city convenient for the witness. For the avoidance of doubt, nothing in this section shall prevent an attorney defending a deposition from being present in the same room as the deponent during the deposition.

**b. Privilege logs:** The parties will meet and confer in good faith in an attempt to reach agreement as to privilege log issues. The parties agree there is no need to log privileged documents that were created after the date of the filing of the complaint.

**c. Experts:** Testifying experts shall not be subject to discovery on any draft of their report or declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless they relate to the expert's compensation or relied upon by the expert in forming any opinions in this litigation.

**d. FRE 502(d):** Pursuant to Federal Rule of Evidence 502(d), production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding.  For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced documents

after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing. At the producing party's request, the receiving party shall immediately return or destroy the produced materials subject to a privilege claim, and the producing party will provide a privilege log for those materials.

e.  **Service:** The parties agree to electronic service of all correspondence (unless the volume of electronic information makes such delivery impractical). The parties may serve all documents by email by sending the documents to the email address for all counsel of record in this case, or to an email address designated in writing for service by a party's outside counsel. Documents are timely served by email where the email is sent by 11:59 pm Central Time on the date due. Where a document is too large to serve by email, the serving party shall send an email notice providing instructions for downloading the document via FTP or similar file transfer service.

f.  **ESI Order:** The parties agree an order regarding electronically stored information ("ESI") is needed. A proposed ESI Order will be submitted forthwith.

13.  **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.