## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.,** | |
| *Plaintiff,* | |
| v. | Case No. 2:26-cv-00102 |
| **TCL TECHNOLOGY GROUP CORP., TCL INDUSTRIES HOLDINGS CO., LTD.; TCL ELECTRONICS HOLDINGS, LTD.; and SHENZHEN TCL NEW TECHNOLOGY CO., LTD.,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## <u>PROTECTIVE ORDER</u>

WHEREAS, Plaintiff Touchstream Technologies, Inc. ("Touchstream") and Defendants TCL Technology Group Corp., TCL Industries Holdings Co., Ltd., TCL Electronics Holdings, Ltd., and Shenzhen TCL New Technology Co., Ltd. ("TCL"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in this case (the "Action") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part,

1

confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."  The word "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) and/or on a slip-sheet bearing the bates number of the native document, which shall be appended to the native document when being used in a deposition or in a filing with the Court for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall receive the same treatment

as if designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 9 herein:

(a) outside counsel of record in this Action for the Parties;

(b) personnel of such outside counsel's law firm assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for Defendant who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, including in-house paralegals and in-house e-Discovery personnel assisting said in-house counsel;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that the name and title of the designated representative(s) are disclosed at least ten (10) days before access to the Protected Material is to be given to the designated representative(s) so that the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the designated representative(s). The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes

4

other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert including an identification of his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation from for work (as an employee, consultant, contractor, or the like) pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the preceding five years, and a brief description of the subject matter of the work for which s/he was compensated; (iii) each case or proceeding[2] (by name and number of the case/proceeding, filing date, and name or the court or tribunal) in which the individual has provided a report, a declaration, or testified (at trial or deposition) pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last five years,[3] at least ten (10) days before access to the Protected Material is to be given to that consultant or expert so that the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services; and

(g) the Court and its personnel; and

(h) the author(s) or recipient(s) of a document containing the DESIGNATED MATERIAL or a custodian or other person who otherwise possessed or personally knows the information.

6.      A Party shall designate documents, information, or material as "CONFIDENTIAL"

only upon a good faith belief that the documents, information or material contains confidential or

---

[2] This includes any proceeding at the U.S. Patent and Trademark Office or at the U.S. International Trade Commission.

[3] If such consultant or expert reasonably believes any of this information is subject to a confidentiality obligation to a third-party, then s/he should provide whatever information can be disclosed without violating any confidentiality agreements and note in the disclosure that s/he reasonably believes other information is subject to a confidentiality obligation to a third-party. The producing and receiving Parties may meet and confer regarding the withheld information.

proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-h); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client; with the exception that the following "Designated Persons" identified and pre-approved below, in subsection 9.a., who have agreed and signed Appendix A,

may receive all non-technical material designated "RESTRICTED – ATTORNEYS' EYES ONLY" that is potentially relevant to damages issues and/or settlement negotiations.

    (a) Subsection 9.a. Designated Persons.

        (1) Touchstream's Designated Persons:

- Herb Mitschele
- John Burns
- Robert Sivitilli

        (2) TCL's Designated Persons:

- Lawrence Wu
- Gaby Li

10. For Protected Material designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–h); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information of non-technical material that is potentially relevant to damages issues and/or settlement negotiations to the Designated Persons identified in subsection 9(a) who reasonably require access to such information.

11. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secure location. The standalone computer will be (i) provided with software that allows for a "print to PDF" or similar functionality, so PDFs of source code that a person accessing the code desires to print can be saved, and (ii) provided with reasonable input/output devices including a mouse and keyboard. The stand-alone computer may only be located within the continental United States at the offices of the producing Party's outside counsel or its vendors, at the producing Party's discretion. The producing Party may not be disruptive of the activities of the receiving Party's representatives. The producing Party may not record

7

(visually, audibly or by other means) the activities of the receiving Party's representatives;

(b) Access to the stand-alone computer shall be provided during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m., Monday through Friday. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The name(s) of the person(s) who will review Source Code Material on the stand-alone computer will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  The receiving Party shall provide three business days' notice in advance of scheduling any inspections.  Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection and the expected time per day they are expected to review.

(d) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer and how to save desired portions of Source Code Material as PDFs;

(e) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above;

(f) Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 5(a-b) and (g-h) and up to three (3) outside consultants or experts [4]  (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(g) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED

---

[4] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

CONFIDENTIAL SOURCE CODE;

(h) Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically, including any drafts of such documents;

(i) The receiving Party is permitted to request hardcopy printouts of a reasonable amount of Source Code Material ("Source Code Printouts"), which is presumptively 400 pages from the Source Code Material of Defendant, all of which shall be designated and labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." At the end of a review session, the receiving Party will request any pages it wishes the producing Party to print by printing to PDF the pages requested and placing them in a "TO PRINT" folder on the desktop of the stand-alone computer. Every page of the printed PDFs prepared by the receiving Party shall also contain, in a header or footer, the complete, un-truncated path and file name for the source file, so long as printing the complete, un-truncated path and file name in a header or footer is possible. Additionally, each printed PDF page shall include line numbers for each line of Source Code corresponding to the line number of the program file which was the origin of the printed Source Code.  If printouts are requested, copies shall be made for counsel for the receiving party within two business days. Counsel for the receiving Party may request up to four (4) paper copies of any portion of printed source code. The receiving Party shall not request a paper or PDF printout of any continuous block of source code that results in more than 30 printed pages. The producing Party shall maintain an access log identifying, for each and every time any Source Code Material is viewed, accessed, or analyzed by the receiving Party: (1) the name of each person who accessed the Source Code; (2) the date and time of access; (3) the length of time of access: and (4) whether any hard copies of any portion of the Source Code Material was printed. Should the receiving Party require additional pages beyond the 400-page maximum for Source Code Printouts, the receiving Party shall seek written approval from the producing Party. If the Parties cannot agree, the receiving Party shall be permitted to move the Court for the ability to print additional Source Code Material, or to make additional copies;

(j) If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the Source Code Printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

(k) A producing Party's Source Code Material may only be transported by the receiving

Party at the direction of a person authorized under paragraph 11(f) above to another person authorized under paragraph 11(f) above on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except for as provided above in paragraph 11(h) in which case it should be done in a secure manner by encrypting and/or password protecting the file containing the Source Code Material;

(l)   The receiving Party's Outside Counsel of Record and/or Expert shall be entitled to take notes (electronic or non-electronic) relating to the Source Code Material, but may not directly copy any portion of the Source Code Material into those notes, except that the notes may contain filenames, directory names, module names, procedure names, variable names, date information, developer names, company names, and developer comments. No copies of all or any portion of the Source Code Material may leave the room in which the source code is inspected except as otherwise provided herein.

(m)  The producing Party shall install tools that are sufficient for viewing and searching the Source Code Material produced, on the platform produced, and inform the receiving Party of what tools will be installed. At a minimum, those tools shall include a text editor capable of printing to PDF the Source Code Material with filename, page and line number; a PDF viewer; Cygwin; a comparison tool such as a "diff" tool; and a multi-text file search tool (e.g., Notepad++). The receiving Party's outside counsel and/or experts may request that additional, commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer. The producing Party shall ensure that such additional tools are installed on the stand-alone computer, provided, however, that (a) the receiving Party possesses an appropriate license to such additional software tools; and (b) there is a lack of a reasonable objection to such additional software tools by the producing Party. The receiving Party must provide the producing Party with a CD, DVD, or e-mail containing such additional software tool(s) at least five (5) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the Source Code computer.

(n)   Copies of Source Code Printouts that are used as deposition exhibits shall not be provided to the Court Reporter or attached as deposition exhibits; rather, the deposition record will identify the exhibit by its production numbers.

12.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated  RESTRICTED – ATTORNEYS'  EYES  ONLY,  RESTRICTED – OUTSIDE ATTORNEYS'  EYES  ONLY,  and/or  RESTRICTED  CONFIDENTIAL  SOURCE  CODE (collectively, "HIGHLY SENSITIVE MATERIAL"), who reviews or otherwise learns, in whole

or in part, of the contents of the other Party's HIGHLY SENSITIVE MATERIAL under this Order (except for HIGHLY SENSITIVE MATERIAL that is provided under subsection 9.a) shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit. Nothing in this Order shall preclude a person with access to HIGHLY SENSITIVE MATERIAL from working on or participating in, directly or indirectly, an *ex parte* reexamination, a post grant proceeding, or an *inter partes* review proceeding, provided that the individual is not involved in the drafting, amending, or providing of instruction with respect to the drafting or amending of claims in such action or proceeding.

13.     The privilege logs exchanged in accordance with Paragraph 6 of the Discovery Order will contain the following information for each item withheld for reasons of privilege, to the extent such information is reasonably available and providing such information will not destroy the privilege: (1) the name(s) of the individual(s) who created the document or, for electronic mail, the name(s) of the individual(s) who sent and received the document or a copy of it; (2) the date on which the document was sent or last modified; (3) a description of the nature of the document sufficient to enable the receiving party to assess the applicability of the privilege or protection; and (4) the privilege(s) claimed. To the extent reasonably ascertainable, legal personnel shall be identified as such by adding an asterisk before or after their names in the privilege log. The parties

11

agree that the parties shall not be required to log (1) any privileged documents created on or after the date of the Complaint in this Action or (2) any privileged communications with a Party's outside counsel of record in an active litigation of that Party that was filed before the date of the Complaint in this Action, so long as the communication concerns that active litigation and does not discuss, relate to, or concern any of the Parties in this Action.

14.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. If a receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach, if possible; (2) promptly (within 72 hours of discovery, if possible) provide written notice to producing Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access

to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[5] If DESIGNATED MATERIAL is referred to during the course of a deposition in these actions, or if any question asked, answer given, or answer about to be given contains or is reasonably likely to contain DESIGNATED MATERIAL, then, in the case of material designated "CONFIDENTIAL" any person who is not designated in Paragraph 5 above and is not the deponent, the deponent's counsel, the reporter, or the videographer must leave the room during such portion of the deposition; in the case of material designated "RESTRICTED – ATTORNEYS' EYES ONLY," any person who is not designated in Paragraph 9 above and is not

---

[5] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A. In the event such attorney declines to sign the Undertaking prior to the examination, the party which designated the material, by its attorneys, may seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed and the other party shall not oppose such request.

the deponent, the deponent's counsel, the reporter, or the videographer must leave the room during such portion of the deposition; in the case of material designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," any person who is not designated in Paragraph 10 above and is not the deponent, the deponent's counsel, the reporter, or the videographer must leave the room during such portion of the deposition; and in the case of material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," any person who is not designated in paragraph 11(f) above and is not the deponent, the deponent's counsel, the reporter, or the videographer must leave the room during such portion of the deposition. This paragraph shall not be interpreted to authorize disclosure of Designated Material to any person to whom disclosure is prohibited by this Protective Order.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling

14

requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.    To the extent that any discovery is taken of persons who are not Parties to this

Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," in accordance with this Order. Where a Third Party designates any documents, information, or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24.     If a receiving Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" by a producing Party or Third Party, the receiving Party must:

> (a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order, and be provided to the designating Party, if possible, at

least 14 days in advance of any response or production deadline;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

25.     Within forty-five (45) days of final termination of this Action, including any appeals,  all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, outside counsel are entitled to retain an archival copy of pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and demonstratives, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," and "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" information for archival purposes. Any such archival copies that

contain or constitute Protected Material remain subject to this Protective Order. However, outside counsel shall not be entitled to maintain any document productions, Source Code Documents, or RESTRICTED CONFIDENTIAL SOURCE CODE information from a producing party for any reason whatsoever (including archival purposes).

26.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.    Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL. As part of these Safeguards, each person will take reasonable measures to protect DESIGNATED MATERIAL, including insuring that devices hosting such material are password protected.

**So ORDERED and SIGNED this 11th day of August, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.,** | |
| *Plaintiff,* | |
| v. | Case No. 2:26-cv-00102 |
| **TCL TECHNOLOGY GROUP CORP., TCL INDUSTRIES HOLDINGS CO., LTD.; TCL ELECTRONICS HOLDINGS, LTD.; and SHENZHEN TCL NEW TECHNOLOGY CO., LTD.,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.      My  address  is  _____.
My current employer is _____. My current
occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read
and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in
confidence, will not disclose to anyone not qualified under the Protective Order, and will use only
for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED –

1

ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


I declare under penalty of perjury that the foregoing is true and correct.


Signature: _____

Date: _____

2