**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.,**<br><br>*Plaintiff,*<br>v.<br><br>**TCL TECHNOLOGY GROUP CORP., TCL INDUSTRIES HOLDINGS CO., LTD.; TCL ELECTRONICS HOLDINGS, LTD.; and SHENZHEN TCL NEW TECHNOLOGY CO., LTD.,**<br><br>*Defendants*. | Case No. 2:26-cv-00102<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER REGARDING E-DISCOVERY**

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of

this Court, shall not include metadata. However, the metadata fields listed in Appendix 1 shall generally be included in the production if such fields exist.

5. The following parameters shall apply to ESI production:

a. **General Document Image Format.** Each electronic document shall be produced in multi-page PDF format. PDF files shall be one file per document, shall be named with a unique production number followed by the appropriate file extension, and shall be processed to include searchable text. Load files shall be provided to indicate the location and unitization of the PDF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**b. Text-Searchable Documents.** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text searchable format at no cost to the receiving party.

c. **Footer.** Each document image must be assigned a unique Bates number that is sequentially ascending within the production sets.

d. **Confidentiality Designation.** Each image will be stamped with the appropriate confidentiality designations (if any) in accordance with the Protective Order in this matter. Each document produced in native format will have its confidentiality designation identified in the filename of the native file.

e. **Native Files.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native file format or MS Excel. A PDF image need not be produced. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the Native Link field, along with extracted text and applicable metadata fields set forth in Appendix 1. A PDF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, a PDF image and OCR text of the redacted document will suffice in lieu of a native file and extracted text. A party may also produce natively redacted documents using standard discovery software. For avoidance of doubt, relevant pages from Confluence (but not page histories absent a showing of good cause) and Trello (including but not limited to boards, cards, and comments) are discoverable, if the systems are otherwise relevant, not privileged and found in a reasonable search.

f. **No Backup Restoration is Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

g. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and unduly burdensome to collect, and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the ten (10) most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

a. Each requesting party shall limit its e-mail production requests to a total of five (5) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

b. Each requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should the majority of the producing parties' files be in a foreign language, the producing party shall also conduct searches using the search terms in that foreign language.

7. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

# Appendix 1

A. **Production Components.** Productions shall include, in addition to multi-page PDFs and Text Files, (a) an ASCII delimited metadata file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

B. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT

C. **Metadata Load File** shall be delimited according to the following characters:

- Delimiter = D (ASCII:0020)
- Text-Qualifier = p (ASCII:00254)

D. The following **Metadata Fields** shall appear in the metadata load file:

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). A party may choose to produce the Custodian field and De-Duped Custodian field separately. |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent (format: HH:MM:SS PM) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |

| | |
|---|---|
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the “BCC” line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc only) |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc only) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc only) |
| NATIVELINK | Native File Link (Native Files only) |
| FILEEXTENSION | The file extension of the document |
| CONFIDENTIALITY | The confidentiality designation of the document |
| REDACTED | Redactions in the document |